47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donna M. BETTS, Plaintiff/Appellant,
v.
STATE OF ILLINOIS, and its agencies, agents, successors and
assigns and Container Corporation of America, and
its agents, successors and assigns,
Defendants/Appellees.
 No. 94-2043.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 13, 1995.
Rehearing Denied March 15, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Donna M. Betts brought this action under Title VII to recover damages from her ex-employer, Container Corporation of America ("Container"), for alleged racial discrimination, and from the State of Illinois, for its alleged mishandling of her civil rights complaint. The district court dismissed Betts's complaint with regards to her claims against the State of Illinois. Betts appeals. We affirm.
 
 
 2
 In 1985, Betts filed two charges of discrimination with the Illinois Department of Human Rights. In the first, she alleged racial discrimination while working as a legal secretary at Container between 1981 and 1985, which resulted in her termination in 1985. In the second, she alleged that Container, in retaliation for Betts's first complaint, had provided misinformation to the Illinois Department of Employment Security, which resulted in a denial of Betts's unemployment insurance benefits.[1]
 
 
 3
 The Illinois Department of Human Rights initially dismissed the charges. However, the charges were reinstated and a complaint was filed with the Illinois Human Rights Commission in 1990. After an exhaustive series of motions and conferences, the Administrative Law Judge ("ALJ") dismissed the complaint because Betts refused to follow procedures, refused to serve Container with pleadings, and refused all requests for discovery. Betts appealed to the Illinois Human Rights Commission, which affirmed the ALJ's decision. Betts filed another motion with the Human Rights Commission, which the Commission treated as a petition for rehearing en banc. The Commission denied the petition, in an order dated June 29, 1992.
 
 
 4
 In January 1994, Betts filed a complaint in federal district court, pleading jurisdiction under Title VII of the Civil Rights Act of 1964. The complaint names Container and the State of Illinois as defendants. Betts claims that the Illinois Human Rights Commission, the Illinois Department of Human Rights, and the EEOC committed illegal activities and mishandled her charges of racial discrimination.[2] Betts seeks $300 million in damages from the State of Illinois. As for Container, Betts seeks $350 million in compensatory damages for the alleged racial discrimination that occurred from 1981 to 1985.
 
 
 5
 The district court issued three memorandum opinions and orders advising Betts that sovereign immunity precluded damages against the State of Illinois. Betts insisted that it did not. Finally, the district court dismissed Betts's complaint with respect to the State of Illinois under Fed.R.Civ.P. 54(b), warning Betts that the filing of a frivolous appeal could result in sanctions.
 
 
 6
 On appeal, Betts argues that sovereign immunity does not apply to her allegations. (Amended Br. at 7). Although Betts claims that she states a cause of action under Title VII, her suit against Illinois alleges various procedural due process violations. In this regard, her complaint should be read as brought under 42 U.S.C. Sec. 1983. However, her claim for damages from the State of Illinois is precluded, whether brought under Title VII or Sec. 1983.
 
 
 7
 Betts does not state a Title VII cause of action against the State of Illinois. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. Sec. 2000e-2(a). A State may be sued where the State engages in discriminatory employment practices in its role as an employer. See Fitzpatrick v. Bitzer, 427 U.S. 445, 449 (1976). However, Betts was not employed by the State of Illinois. Title VII, hence, is inapplicable to her allegations against the State.
 
 
 8
 With respect to Betts's Sec. 1983 claims for Illinois' alleged deprivation of her civil rights, the claims must be dismissed. 42 U.S.C. Sec. 1983 provides relief for constitutional violations committed by a person acting under color of state law. However, a State is not a "person" under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Betts, hence, cannot sue the State of Illinois for damages under Sec. 1983.
 
 
 9
 As for any of Betts's remaining claims against the State of Illinois, the doctrine of sovereign immunity embodied in the Eleventh Amendment precludes the recovery of any damages. The Eleventh Amendment precludes a citizen from bringing a suit against a State in federal court, unless the State waives its immunity or Congress specifically abrogates the State's immunity, when acting pursuant to Sec. 5 of the Fourteenth Amendment. See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238 (1984). Neither exception applies here. Illinois has not consented to suit. Congress has not abrogated the States' immunity with regard to any of Betts's allegations. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 This charge was later dismissed as moot because Betts had, in fact, received unemployment insurance benefits
 
 
 [2]
 The EEOC is not named as a defendant in this case and Betts does not demand damages from the United States